UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

TERRAIL KENYALL CULP,

       Defendant.
_____/

Criminal Action No.
13-cr-20139

HON. MARK A. GOLDSMITH

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE (Dkt. 12) and MOTION FOR POST-SENTENCE REHABILITATION (Dkt. 13)

Pursuant to the terms of a Rule 11 plea agreement entered into between himself and the Government, Defendant Terrail Kenyall Culp pleaded guilty to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). See Plea Agreement (Dkt. 10). The Court sentenced Defendant to 46 months' imprisonment and three years of supervised release. Judgment (Dkt. 11).

Approximately 15 months after his sentencing, Defendant sent the Court a letter requesting a reduction of his sentence (Dkt. 12), which the Clerk of the Court filed as a motion. Defendant then filed a formal motion for a sentence reduction three weeks later (Dkt. 13). Both documents raise the same claim; Defendant requests a reduction of his sentence in light of: (i) the Supreme Court's decision in Pepper v. United States, 131 S. Ct. 1229 (2011); (ii) his post-sentencing rehabilitation efforts, including having taken educational courses and working toward earning his GED; and (iii) Attorney General Holder's stated goal of reducing the prison population.

1

A district court's ability to reduce a sentence of imprisonment is significantly constrained. See United States v. Washington, No. 01-80628, 2009 WL 1140271, at *1 (E.D. Mich. Apr. 28, 2009); United States v. Jackson, 434 F. App'x 483, 484 (6th Cir. 2011) ("District courts may modify sentences only as authorized by statute." (citing 18 U.S.C. § 3582(c))); United States v. Collier, 424 F. App'x 522, 523 (6th Cir. 2011) ("A district court has limited authority to modify a sentence."); see also 18 U.S.C. §§ 3582(b), (c).  The Court may reduce an imposed sentence of imprisonment "upon motion of the Director of the Bureau of Prisons" if certain factors are met.  See 18 U.S.C. § 3582(c)(1)(A).  However, no such motion by the Director of the Bureau of Prisons exists here.  The Court also may modify a sentence of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  Id. § 3582(c)(1)(B).  But Defendant has not cited any statute authorizing a reduction in light of post-sentencing rehabilitation efforts, nor has the Government filed a motion for reduction, as would be required for Rule 35 to apply in this case. See Fed. R. Crim. P. 35(b).[1]

A district court also may reduce a sentence "upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion," if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and other requirements are met.  18 U.S.C. § 3582(c)(2).  Defendant does not claim that his sentencing range has been lowered by the Sentencing Commission; indeed, he seeks a reduction based on his post-sentencing conduct, not a change in the guidelines.  Therefore, this statutory provision does not authorize a reduction in this case.

---

[1] Federal Rule of Criminal Procedure 35(a) does not apply here, because more than 14 days have passed since sentencing and Defendant does not claim that his sentence "resulted from arithmetical, technical, or other clear error."

In short, Defendant cites no authority suggesting that a district court may reduce a properly imposed sentence of imprisonment, on the defendant's motion, based on post-sentencing conduct; nor is the Court aware of any such authority. Defendant's reliance on Pepper v. United States, 131 S. Ct. 1229 (2011), is unpersuasive. In Pepper, the United States Supreme Court announced that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range." Id. at 1236. In such a scenario, however, the district court is responsible for fashioning a new sentence for the defendant based on the court of appeals' setting aside the previously imposed sentence. Pepper does not authorize — and indeed, impliedly rejects — a district court's authority to reduce or modify a properly imposed sentence based on post-sentencing rehabilitation efforts. See id. at 1248 ("To be sure, allowing district courts to consider evidence of postsentencing rehabilitation may result in disparate treatment between those defendants who are sentenced properly and those who must be resentenced. But that disparity arises not because of arbitrary or random sentencing practices, but because of the ordinary operation of appellate sentencing review.").

Nor is the Court persuaded by Defendant's reliance on Attorney General Holder's stated ambition to reduce the prison population. While this may be Attorney General Holder's goal, it does not provide a basis upon which Defendant may obtain relief from the Court. Cf. Fed. R. Crim. P. 35(b).

Defendant's goal of turning his life around is admirable, and the Court commends Defendant on the actions he appears to have taken thus far to reach his goal. The Court strongly

encourages Defendant to continue on this path. Nevertheless, the Court does not have the authority to act on Defendant's motions. Accordingly, the Court denies them (Dkts. 12, 13).

SO ORDERED.

Dated: February 18, 2015                s/Mark A. Goldsmith
       Detroit, Michigan                MARK A. GOLDSMITH
                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 18, 2015.

                                        s/Johnetta M. Curry-Williams
                                        Case Manager